UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENJAMIN LIGERI *et al.*,<br>    *Plaintiffs,*<br><br>v.<br><br>AMAZON.COM INC. *et al.*,<br>    *Defendants*. | No. 3:23-cv-603 (JAM) |

ORDER RE EVIDENTIARY HEARING FOR
MOTION TO COMPEL ARBITRATION AND/OR TO TRANSFER VENUE

This is an action by various plaintiffs who use the Amazon website to sell products. The complaint alleges a wide range of unfair business practices by multiple Amazon business entities.

The Amazon defendants in turn have filed a motion to compel arbitration and/or to transfer venue.[1] The defendants contend that the plaintiffs consented to a Business Services Agreement (BSA) when they opened their third-party seller accounts on Amazon. The BSA contained a mandatory arbitration clause and a forum-selection clause that—according to the defendants—compel the plaintiffs to arbitrate their claims or otherwise to litigate their case in the courts of the Western District of Washington. The plaintiffs deny that they agreed to arbitrate or that any agreement is enforceable.

 The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, requires enforcement of agreements to arbitrate and embodies "a national policy favoring arbitration." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016).[2] But because arbitration "is a matter of

---

[1] Doc. #24.
[2] Unless otherwise noted and to avoid unnecessary citational clutter, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.

1

consent, not coercion," the FAA "does not require parties to arbitrate when they have not agreed to do so." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 293-94 (2002).

"In deciding whether to compel arbitration, a court must first decide whether the parties agreed to arbitrate." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022). Courts apply a "standard similar to that applicable for a motion for summary judgment," that is, courts must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, . . . together with . . . affidavits," and must "draw all reasonable inferences in favor of the non-moving party." *Nicosia*, 834 F.3d at 229. "The party seeking to compel arbitration must 'substantiate its entitlement to arbitration by a showing of evidentiary facts' that support its claim that the other party agreed to arbitration. 'If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried.'" *Maguire v. Ameriprise Fin. Servs., LLC*, 2022 WL 1718038, at *5 (D. Conn. 2022) (quoting *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995)); accord *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022).

If a court concludes upon evaluation of the parties' submission that there remains a genuine issue of fact, then the Federal Arbitration Act requires the court to conduct a trial. *See* 9 U.S.C. § 4. "[T]he proper procedure for the district court to follow, upon finding that a genuine dispute of material fact exists, is to hold the motion to compel arbitration in abeyance pending a trial on the issue of arbitrability." *Jin v. Parsons Corp.*, 966 F.3d 821, 828 (D.C. Cir. 2020); *see also NATS, Inc. v. Radiation Shield Techs., Inc.*, 2023 WL 2416160, at *2 (2d Cir. 2023).

To determine whether a forum-selection clause is enforceable, a court must resolve the following three issues: "(1) whether the clause was reasonably communicated to the party

2

resisting enforcement; (2) whether the clause is mandatory or permissive . . . ; and (3) whether the claims and parties involved in the suit are subject to the forum-selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). If the forum-selection clause meets all three requirements, it is presumptively enforceable. *Ibid.* This presumption can only be overcome by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Ibid.*

"[I]n evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits, but must conduct an evidentiary hearing to resolve disputed factual questions in favor of the defendant." *Id.* at 216-17. As with disputes concerning motions to compel arbitration, summary judgment procedures may also be appropriate for resolving a dispute concerning the enforceability of a forum selection clause. *See, e.g., Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637, 650-51 (S.D.N.Y. 2015).

In support of their motion, the defendants rely on a declaration from Natalia Parker, a litigation paralegal in Amazon's Litigation and Regulatory department.[3] The first paragraph of the declaration states that it is based on "personal knowledge . . . and information provided to me by Amazon personnel."[4] The declaration goes on to state that when plaintiff Benjamin Ligeri "registered his four third-party seller accounts" between 2014 and 2019, he "had to affirmatively check a box" indicating his agreement with the BSA.[5] Attached to the declaration is a copy of the "operative version of the BSA [that] was in effect" in 2014 when Ligeri purportedly registered two of his four accounts.[6] When Ligeri registered the other two accounts in 2017 and

---

[3] *See* Doc. #24-2.
[4] *Id.* at 1 (¶ 1).
[5] *Id.* at 2 (¶ 4).
[6] *Id.* at 2 (¶ 5).

3

2019, he "accepted updated versions of the BSA that contained arbitration agreements identical or substantially identical to the arbitration agreement in BSA version 1."[7]

As noted above, when the parties dispute the predicate facts, summary judgment procedures generally govern a court's evaluation of a motion to compel arbitration and/or to enforce a forum selection clause. And the basic rule against hearsay applies at summary judgment. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169-170 (2d Cir. 2014) (*per curiam*). "[A]n affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004).

Were Parker to take the witness stand and offer the same conclusory testimony as in her declaration, it would present clear evidentiary issues. First, the declaration relies in part on "information provided to [the declarant] by Amazon personnel."[8] That is the textbook definition of hearsay—out-of-court statements made to Parker by another party and introduced for the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining hearsay). And so, unless the defendants could establish that any such testimony is subject to an exception under the hearsay rule, it would be inadmissible at trial and cannot be relied upon for the motion to compel arbitration.

Second, as counsel explained at oral argument, Ms. Parker referenced computer records to confirm the precise dates Ligeri registered his Amazon accounts. But those computer records are *also* out-of-court statements relied on for their truth.[9] The defendants have not attached the underlying business records to their motion, let alone established that the information in those

---

[7] *Id.* at 3 (¶ 7).
[8] *Id.* at 1 (¶ 1).
[9] At oral argument, counsel for the defendants asserted that it is not the content of the records in dispute but rather the "fact of the act." Doc. #44 at 18. But the "fact of the act" is itself an assertion contained in those records—in particular whether and when Ligeri registered his various Amazon accounts.

4

records would be admissible business records at trial. All they rely on is Parker's claim about what she thinks the company records say (whether she looked at them herself or relied on what someone else told her). In short, the defendants have failed to make a proper evidentiary showing to establish that there is no genuine issue of fact to support their contention that the plaintiffs have validly agreed to arbitrate and to the forum selection clause.

And even if I were to fully credit the assertions within the Parker declaration, the defendants would still not have definitively established that the plaintiffs agreed to arbitrate their claims and/or litigate them in the Western District of Washington. The declaration states in vague terms that Ligeri agreed to a "substantially identical" BSA when he registered his later two Amazon accounts.[10] But what does "substantially identical" mean? Is it the same arbitration clause? The same choice-of-forum clause? Are either of those clauses qualified in any way, such that it would change the nature of the arbitration to which Ligeri allegedly agreed? On a motion to compel arbitration or to enforce a forum selection clause, the defendants must do more than promise the Court that the underlying agreement says what they say it says—they must provide some record evidence of the actual terms of the agreement.

At the same time, although the plaintiffs dispute the defendants' evidence, the evidence they offer in response leaves much to be desired. The principal plaintiff—Benjamin Ligeri—has filed an affidavit stating that he did not personally register any of the Amazon accounts and instead purchased them from unrelated third parties.[11] But this assertion is belied by the signed and verified complaint, which states that Ligeri "opened the 'Health and Household' Amazon account about a decade ago."[12]

---

[10] Doc. #24-2 at 3 (¶ 7).
[11] Doc. #25-1 at 14; Doc. #25-2 at 1-2 (¶¶ 3, 4) (affidavit of Benjamin Ligeri) (stating that he did not register or operate any of the third-party seller accounts).
[12] Doc. #1 at 3 (¶ 5).

Ligeri further asserts that he never assented to any contract with Amazon.[13] Yet the complaint states that the plaintiffs agreed to a "pre-dispute, binding arbitration clause" when they signed on to do business with the defendants.[14] It additionally describes the defendants' alleged wrongdoing as leading to a "functional breakdown in the Plaintiffs' very ability to do business for which they *contracted* with the Defendants to do."[15] All of this strongly suggests that Ligeri did in fact enter into some kind of contractual arrangement with Amazon that obligates him to arbitrate all or at least some of his claims.

In short, the defendants have provided some evidence—but not fully competent evidence—as to the existence of a binding arbitration agreement and forum selection clause between the parties. Meanwhile, the plaintiffs have responded with evidence that appears to contradict their complaint.

The record before me is incomplete and a mess. It does not adequately support granting the defendants' motion to compel and/or to transfer. Yet it does not suggest that the motion should be denied with prejudice. Genuine issues of fact remain.

So it is necessary to conduct a bench trial to decide the defendants' motion. The trial shall proceed at **10:00am on April 8, 2024** and continue if necessary to the next day. The defendants shall proceed with their evidence first, and then the plaintiffs may proceed with their evidence. The admission of testimony and other evidence shall be governed by the Federal Rules of Evidence.

The parties shall file on the docket on or before **March 29, 2024** a list of the names, titles, and work addresses of their witnesses, a summary of each witness's anticipated testimony,

---

[13] Doc. #25-2 at 6-7 (¶ 17).
[14] Doc. #1 at 33 (¶ 62).
[15] *Id.* at 29 (¶ 56) (emphasis added).

a list of exhibits, and a copy of each exhibit. Both sides shall also file pre-trial memoranda on or before **March 29, 2024** summarizing the evidence that they expect to offer and why the evidence in accordance with the governing law will be sufficient for the Court to rule in their favor. Because there are multiple plaintiffs and defendants, the evidence and memoranda should address the role of each named party. Likewise, because there are multiple legal claims asserted by the plaintiffs, the parties' submissions should address why or why not each claim is subject to arbitration and/or transfer in accordance with any forum selection clause.

    It is so ordered.

    Dated at New Haven this 28th day of February 2024.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge