**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BENJAMIN LIGERI
CENTRAL CONCEPTS, INC
TRADEMARK HOLDINGS, LLC
GLOBAL SPECIALTY PRODUCTS, LLC
MEDCARE, LLC,

Plaintiffs,

- against -

AMAZON.COM, INC
AMAZON, LLC
AMAZON SERVICES, LLC
AMAZON MEXICO SERVICES, INC
AMAZON BUSINESS PAYMENTS, INC
AMAZON PAYMENTS, INC
AMAZON CAPITAL SERVICES, INC,

Defendants.

Case No. 3:23-cv-00603-JAM

**DEFENDANT AMAZON'S POST-TRIAL REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

DAVIS WRIGHT TREMAINE LLP
John M. Magliery
Adam Sgro (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Ph: (212) 489-8230
johnmagliery@dwt.com
adamsgro@dwt.com

*Attorneys for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Mexico Services, Inc., Amazon Payments, Inc., and Amazon Capital Services, Inc.*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. PLAINTIFF'S SUBMISSION FAILS TO IDENTIFY A BASIS TO DENY AMAZON'S MOTION TO COMPEL ARBITRATION .......... 2

A. Plaintiff Ligeri's Exploitation of Amazon's Systems Is Not a Basis for Escaping Plaintiffs' Obligations Under the BSA .......... 2

B. Plaintiffs' Unconscionability Arguments Are Contrary to the FAA and Binding Precedent. .......... 6

II. PLAINTIFFS' BELATED ATTEMPT TO SUPPLEMENT THE RECORD MUST BE REJECTED .......... 7

III. PLAINTIFF'S OBJECTIONS TO EVIDENCE ARE NOT PRESERVED AND ARE IMPROPER ATTEMPTS TO SEEK RECONSIDERATION OF COURT RULINGS .......... 8

IV. THE CARVE OUT TO THE BSA'S ARBITRATION CLAUSE ONLY APPLIES TO IP CLAIMS SEEKING INJUNCTIVE RELIEF. .......... 8

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*,
170 F.3d 349 (2d Cir. 1999)....................5

*Bell v. Luna*,
856 F. Supp. 2d 388 (D. Conn. 2012)....................4

*E. Udolf, Inc. v. Aetna Cas. & Sur. Co.*,
573 A.2d 1211 (Conn. 1990)....................5

*Hanks v. Powder Ridge Rest. Corp.*,
276 Conn. 314 (2005)....................6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)....................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................6

*Nicosia v. Amazon.com, Inc.*,
815 F. App'x 612 (2d Cir. 2020)....................4, 5

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)....................5

*Rockstone Cap., LLC v. Caldwell*,
261 A.3d 1171 (Conn. App. 2021), *cert. denied*, 339 Conn. 914 (2021)....................4

*Tunkl v. Regents of Univ. of Cal.*,
60 Cal. 2d 92 (1963)....................6

*United States v. Stallings*,
273 F.2d 740 (2d Cir. 1960)....................8

**Statutes**

9 U.S.C.
§ 2....................6
§ 3....................1
§ 4....................1

28 U.S.C. § 1404....................1

Federal Arbitration Act....................1, 2, 6, 9

**Other**

American Arbitration Association Commercial Arbitration Rules
and Mediation Procedures..........................................................................................................7

J. Moore, 20 Moore's Federal Practice § 310.40[1][c] ....................................................................8

In accordance with the Court's April 10, 2024, Order Re Post-Hearing Briefing Schedule (Dkt. No. 69) ("Order"), Defendants Amazon.com, Inc.; Amazon.com Services LLC; Amazon Mexico Services, Inc.; Amazon Payments, Inc.; and Amazon Capital Services, Inc. (collectively, "Amazon")[1] submit this post-trial reply brief in support of its motion for an order compelling Plaintiffs Benjamin Ligeri ("Ligeri"), Central Concepts, Inc. ("Central Concepts"), Trademark Holdings, LLC ("Trademark Holdings"), Global Specialty Products, LLC ("Global Specialty Products"), and Medcare, LLC ("Medcare") (collectively, "Plaintiffs") to arbitrate pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, or, in the alternative, to transfer venue to the Western District of Washington pursuant to 28 U.S.C. § 1404 based on the parties' choice of forum. *See* Dkt. 24.

## PRELIMINARY STATEMENT

Plaintiffs' specious arguments and evidence cited in their post-trial brief fail to contradict the clear result of the April trial in this matter: Plaintiffs are bound by the Amazon Services Business Solutions Agreement ("BSA"), the majority of this dispute belongs in arbitration, and any exceptions to arbitration must be transferred to the Western District of Washington.

Plaintiffs' essentially claim that Ligeri – a witness who testified under oath that he does not think he has to be honest with Amazon (April 8-9, 2024 Hearing Transcript ("Tr.") 399:24-402:11) – may "game the system" to avoid arbitration by acquiring selling accounts in the after-market from his friends and family who registered for the accounts and then burying his head in the sand. In fact, the evidence shows that Ligeri knew that seller accounts are bound by contractual agreements with Amazon since at least 2013; that Plaintiffs received specific emails

[1] No entity named "Amazon, LLC," or "Amazon Business Payments, Inc.," exists. Amazon.com Services LLC answers for Amazon Services, LLC, which does not exist.

referencing requirements the BSA and actively complied with the requirements; that notices of changes in the BSA were readily available and that Amazon's seller portal, Seller Central, provided notifications of updates; that Plaintiffs accepted the benefits of the BSA by, among other things, receiving payments pursuant to its terms and taking advantage of services like Fulfillment by Amazon that are governed by the BSA; and that after having explicit notice of the arbitration provision in the BSA (as opposed to other terms), Ligeri continued to do business with Amazon and affirm his agreements with Amazon.

Plaintiffs now claim that the BSA is an unconscionable agreement, but they failed to provide any evidence at trial to support that argument. They admit that they did not negotiate the BSA, but they accept that choice of forum clauses and arbitration provisions are not unconscionable. As they must, given that there is a robust body of law supporting such provisions. Likewise, Plaintiffs' argument that arbitration is "meaningless" is directly contrary to the express policy of the Federal Arbitration Act.

The Court should reject these arguments and also reject Plaintiffs' belated attempt to supplement the factual record at trial with a new declaration and to re-litigate the admissibility of Amazon's evidence entered into the record during trial. Plaintiffs should be ordered to arbitrate with the sole exception of their claims for *injunctive relief* for IP claims, which is the only carve out from arbitration contained in the BSA.

## ARGUMENT

### I. PLAINTIFF'S SUBMISSION FAILS TO IDENTIFY A BASIS TO DENY AMAZON'S MOTION TO COMPEL ARBITRATION.

#### A. Plaintiff Ligeri's Exploitation of Amazon's Systems Is Not a Basis for Escaping Plaintiffs' Obligations Under the BSA.

Plaintiffs' entire argument in their post-trial brief is based on the fallacy that because Ligeri purportedly never personally opened an Amazon selling account due to his exploitation of

Amazon's systems, he cannot be bound by the BSA. As Amazon made clear at trial and in its post-trial brief (Dkt. 75), Plaintiffs are bound by the BSA not because Ligeri personally checked or clicked a box when opening the accounts signaling assent, but because (i) they are the successors in interest to the original account owners who agreed to the BSA during account creation; (ii) Ligeri, for himself and as agent of Plaintiffs, had actual and constructive (inquiry) knowledge of the BSA, and Plaintiffs continued operation of their Selling Accounts constitutes assent to its terms; and (iii) even if they did not directly agree to the BSA, they are bound because they received direct benefits of that agreement. Dkt. 75 at 15.

Plaintiffs *literally* concede in their post-trial brief, as they must, that they are successors of the original account owners due to the fact that Ligeri surreptitiously purchased, without Amazon's knowledge, Plaintiffs' Selling Accounts from the original registrants of those accounts. Dkt. 74 at ¶ 6 ("Plaintiff Ligeri is the successor operator of the Amazon stores associated with the Companies in the Verified Complaint and the account transfers were conducted in Amazon's Seller Central Portal."). It is undisputed that Amazon had no knowledge of these transfers, and Plaintiffs never asked for Amazon's consent to assignment of these accounts. Tr. 163:17-164:3; 281:24-282:5.

Each version of the BSA makes clear that while assignment without Amazon's consent is void, the BSA is nonetheless binding on successors and assigns. *Id.*, 462:15-463:13; Amazon Exhibit 9 ("You may not assign this Agreement, by operation of law or otherwise, without our prior written consent. Subject to that restriction, this Agreement will be binding on, inure to, and be enforceable against the parties and their respective successors and assigns"). Plaintiffs claim that because they never informed Amazon of the assignment and never got its approval, then the BSA cannot bind them. The Court should reject Plaintiffs' attempt to blame Amazon for their

deceptive activities and escape the consequences for their actions. If the Court were to endorse the "loophole" Plaintiffs are advocating, it would also allow false and deceptive behavior to subvert the plain meaning and objective intention of the BSA, as well as the registration and identity verification processes Amazon has developed. Amazon requires knowing the identity of those with whom it does business.

Nothing in Plaintiffs' submission rebuts the trial evidence showing Plaintiffs had actual and constructive knowledge of the BSA and its terms. Plaintiffs' claim they are not bound because (i) the arbitration clause is "buried" in Section 18 of the agreement, and (ii) Amazon does not force selling account registrants to read the entire BSA before clicking acceptance of its terms. Both of these arguments border on frivolous and are irrelevant given their claim that Ligeri never created the accounts and never read the BSA. *Nicosia v. Amazon.com, Inc.*, 815 F. App'x 612, 613-14 (2d Cir. 2020) ("*Nicosia II*"); *Rockstone Cap., LLC v. Caldwell*, 261 A.3d 1171, 1179 (Conn. App. 2021), *cert. denied*, 339 Conn. 914 (2021) (the "negligent failure to read and understand an agreement" is insufficient to escape contractual obligations).

Plaintiffs' attempts to factually distinguish the Second Circuit's opinions in the *Nicosia* case fail. The fact that *Nicosia* involved Amazon's customer agreement rather than seller agreement is a distinction without a difference. The cases clearly hold that knowledge of an agreement's existence and continued use of a business's services pursuant to that agreement constitutes consent to the agreement. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016) ("*Nicosia I*"); *Nicosia II*, 815 F. App'x at 613-14. Moreover, *Nicosia II*'s status as a summary order does not affect its applicability or the Court's ability to rely on that decision. *Bell v. Luna*, 856 F. Supp. 2d 388, 401 n.3 (D. Conn. 2012) ("[W]hile summary orders, as non-precedential opinions, do not make law, they often do state the law. In fact, since summary

orders are meant to be used only when the law on a given topic is settled, summary orders presumably provide particularly good evidence of what legal principles the Second Circuit considers as established at any given point in time."). Here, Ligeri was plainly aware he had some agreement with Amazon but failed to (or at least claims he failed to) do any due diligence to confirm the terms of that agreement. *See* Dkt. 75 at 11-15. Ligeri even knew how he could have located the BSA in Seller Central if he wanted to do so, including after his communications with Amazon that explicitly referenced the BSA. *Id.* at 11-13. During the pendency of this action, Ligeri further operated two new Amazon selling accounts with full knowledge of the BSA, which by its terms binds the entities operating the selling account and its affiliates such as Plaintiffs. *Id.* at 12-13. Thus, Ligeri clearly had inquiry if not actual notice of the BSA – and his knowledge can be imputed onto Plaintiffs under well-settled agency principles. *E. Udolf, Inc. v. Aetna Cas. & Sur. Co.*, 573 A.2d 1211, 1214 (Conn. 1990) ("The knowledge of individual officers and employees at a certain level of responsibility will be deemed the knowledge of the corporation") (citations and quotations omitted).

Plaintiffs' arguments concerning direct benefits estoppel miss the mark entirely. The question is not one of *relative* benefits or whether Amazon benefitted more than Plaintiffs due to Plaintiffs' operation of their selling accounts. Rather, if Plaintiffs directly benefitted from the BSA, then they are estopped from avoiding the arbitration clause in that agreement regardless of Amazon's purported benefits. *Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 353 (2d Cir. 1999) ("A party is estopped from denying its obligation to arbitrate when it receives a 'direct benefit' from a contract containing an arbitration clause."). Ligeri admitted that Plaintiffs directly benefited from the selling accounts by generating sales and through using the services Amazon offers through the BSA. Tr. 437:7-23, 160:6-163-9 Amazon Exhibit 75;

332:15-333:6; 419:11-421-25; Amazon Exhibit 74 at 27-28. Therefore, Plaintiffs are bound by the arbitration clause in the BSA.

### B. Plaintiffs' Unconscionability Arguments Are Contrary to the FAA and Binding Precedent.

Plaintiffs' arguments that arbitration is a "meaningless" and "inadequate" remedy fly in the face of the FAA and the Supreme Court precedent. The FAA plainly states that a written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). This mandate applies equally to statutory claims, and Plaintiffs arguments that some of its claims simply cannot be resolved in arbitration are wholly unsupported and simply without merit. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."). Thus, by law, Plaintiffs' claims are arbitrable.

Plaintiffs' unconscionability claim rests on the mistaken view that the BSA acts to insulate Amazon from liability. Plaintiffs' unconscionability arguments cite to *Hanks v. Powder Ridge Rest. Corp.*, 276 Conn. 314, 316 (2005), and *Tunkl v. Regents of Univ. of Cal.*, 60 Cal. 2d 92, 95 (1963). The issue in both cases was whether contracts which released the defendants from liability for future negligence were unconscionable and void for violating public policy. This motion to compel arbitration is not about a limitation of liability or exculpation agreement; it

merely asserts that the claims asserted must be submitted to arbitration or, if included in an exception, to the courts identified in the choice of forum clause. Thus, the Court can disregard Plaintiffs' arguments about these cases as simply irrelevant.

Plaintiffs' belief that Amazon will refuse to arbitrate with Plaintiffs is preposterous. Dkt. 74 at 15 ("The Plaintiffs then discovered after the hearing that the Defendants won't even honor any demand for arbitration anyway."). Indeed, it was Amazon that filed a motion to compel arbitration in this case and has been seeking to compel arbitration of these claims for the past 10 months. Unquestionably, Amazon is seeking to have Plaintiffs arbitrate their claims. Plaintiffs' basis for stating that Amazon will reject arbitration of Plaintiffs' claims is Ligeri's purported recent discussions "with attorneys at ESQgo, the premier Amazon dispute resolution law firm." Dkt. 74-1 at ¶ 13. Not only is this double hearsay statement from an unnamed individual not part of the record in this case, but it is also a hypothetical statement that is simply irrelevant to this case. Most importantly, a claimant's ability to obtain an award in arbitration is not contingent on the respondent's participation in the proceeding. *See* American Arbitration Association Commercial Arbitration Rules and Mediation Procedures, R-32 ("the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement"). The Court should disregard this argument.

## II. PLAINTIFFS' BELATED ATTEMPT TO SUPPLEMENT THE RECORD MUST BE REJECTED.

The Court should strike and refuse to consider Ligeri's declaration that Plaintiffs submitted after conclusion of the trial and the closing of the factual record. The improper declaration purports to attest to certain actions Amazon has taken to block accounts related to Plaintiffs and, as discussed above, contains hearsay conjecture from an unnamed attorney about whether he thinks Amazon will arbitrate with selling account transferees. First, Plaintiffs have

not moved to supplement the record after trial or cited any basis to do so. *Compare* J. Moore, 20 Moore's Federal Practice § 310.40[1][c] ("While Appellate Rule 10(e) grants the district and circuit courts latitude in correcting the record, it does not authorize the addition of new material.").

Second, Amazon's enforcement actions against selling accounts related to Plaintiffs are wholly irrelevant to Plaintiffs' obligations to arbitrate their claims under the BSA. Third, Ligeri's declaration is plainly hearsay, or double hearsay for statements made to Ligeri by third parties, and therefore is inadmissible.

## III. PLAINTIFF'S OBJECTIONS TO EVIDENCE ARE NOT PRESERVED AND ARE IMPROPER ATTEMPTS TO SEEK RECONSIDERATION OF COURT RULINGS.

Plaintiffs' new, post-trial objections to admissibility of accepted evidence at trial should be rejected by the Court. Amazon fully briefed the basis for the admissibility of its business records in its pre-trial brief. Dkt. 59 at 22. The Court entered these records into evidence at trial, including many without any objection from Plaintiffs, and the Court declined to hear from Plaintiffs' expert on the issue of Amazon's electronic business records because his testimony was irrelevant. Tr. 217:6-224:16. Yet Plaintiffs continue to argue the admissibility of Amazon's evidence. *See* Dkt. 74 at 12-13. The Court should reject this belated effort as simply unhelpful and immaterial to the case. *United States v. Stallings*, 273 F.2d 740, 741 (2d Cir. 1960) ("Not having objected to the exhibit at the time of its introduction, the appellants may not now complain.").

## IV. THE CARVE OUT TO THE BSA'S ARBITRATION CLAUSE ONLY APPLIES TO IP CLAIMS SEEKING INJUNCTIVE RELIEF.

Plaintiffs' post-trial submission selectively quotes the carve out to the arbitration provision in the BSA to omit the fact that it only applies to IP claims for injunctive relief.

Dkt. 74 at 20-21. The carve out to the BSA's arbitration clause is abundantly clear; it only applies to claims "to enjoin infringement or other misuse of intellectual property rights." Tr. 462:15-463:13; Amazon Exhibit 9 ¶ 18. Plaintiffs' only IP claims that seek injunctive relief are its trademark infringement and theft of trade secrets claims. Both these causes of action assert monetary relief and injunctive relief, only the latter of which falls into the arbitration carve out. Thus, only Plaintiffs' claims for injunctive relief for these two counts may be asserted in the Governing Courts, which are the courts in "the state or Federal court in King County, Washington." *Id.*

## **CONCLUSION**

Plaintiffs' post-trial brief fails to disturb the clear conclusion that Plaintiffs are bound by the BSA as owners of Plaintiffs' Selling Accounts and as successors to the individuals who consented to the BSA during account creation. Ligeri was unmistakenly aware that sellers in the Amazon Store have an agreement with Amazon, and thus Plaintiffs had both actual and inquiry notice of the BSA. Plaintiffs' efforts to challenge the clear evidence and binding law is simply an effort to rationalize Ligeri's exploitation of Amazon's systems and his conscious avoidance of reading the BSA. Plaintiffs are bound to arbitrate each of their claims under the BSA with the exception of the claims for injunctive relief for trademark infringement and theft of trade secrets. Plaintiffs' arguments on unconscionability misstate the law and take issue with Congress's passage of the FAA, which is not a reason for the Court to ignore the BSA's applicability to this dispute. Finally, the Court should also reject Plaintiffs' belated attempt to supplement the factual record and re-litigate the admissibility of Amazon's evidence admitted at trial.

Dated: New York, New York
May 17, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *__/s/ John M. Magliery__*
John M. Magliery (CT29798)
johnmagliery@dwt.com
Adam Sgro (*pro hac vice)*
adamsgro@dwt.com
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Ph: (212) 489-8230

*Attorneys for Defendants Amazon.com, Inc.; Amazon.com Services LLC; Amazon Mexico Services, Inc.; Amazon Payments, Inc.; and Amazon Capital Services, Inc.*