**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BENJAMIN LIGERI,

Plaintiff,

- against -

AMAZON.COM, INC
AMAZON, LLC
AMAZON SERVICES, LLC
AMAZON MEXICO SERVICES, INC
AMAZON BUSINESS PAYMENTS, INC
AMAZON PAYMENTS, INC
AMAZON CAPITAL SERVICES, INC,

Defendants.

Lead Consolidated Case:
23-cv-00603-MPS

Consolidated Case:
3:25-cv-00224-MPS

**DEFENDANT AMAZON'S OPPOSITION TO CLARIFY STATUS OF FINAL JUDGMENT, REQUEST FINAL JUDGMENT, AND CLOSE CASE WITH PREJUDICE**

DAVIS WRIGHT TREMAINE LLP
John M. Magliery
Adam Sgro (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Ph: (212) 489-8230
johnmagliery@dwt.com
adamsgro@dwt.com

*Attorneys for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Mexico Services, Inc., Amazon Payments, Inc., and Amazon Capital Services, Inc.*

# TABLE OF CONTENTS

**Page**


I. PROCEDURAL AND FACTUAL BACKGROUND ..... 1

A. The Connecticut Actions ..... 1

B. Ligeri Files Several More Actions Against Amazon in the Western District of Washington. ..... 3

C. Ligeri Files the Motion to Close in this Action. ..... 3

II. ARGUMENT ..... 4

A. The Court is Required to Stay This Case Pending Arbitration. ..... 4

B. The Motion to Compel Order is Binding on Ligeri because both Personal Jurisdiction and Subject Matter Jurisdiction Existed. ..... 5

C. If the Court Does Dismiss Ligeri's Claims, it Should Do So With Prejudice. ..... 6

III. CONCLUSION ..... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*,
35 F.4th 913 (2d Cir. 2022) ....6

*Adam v. Saenger*,
303 U.S. 59 (1938)....5

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
556 U.S. 635 (2009)....6

*Da Silva v. Kinsho Int'l Corp.*,
229 F.3d 358 (2d Cir. 2000)....6

*Emiabata v. Farmers Ins. Corp. Ins. Co.*,
2019 WL 3716513 (D. Conn. Aug. 7, 2019) ....5

*Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*,
2025 WL 2017255 (D.N.J. July 18, 2025)....4

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
326 U.S. 310 (1945)....5

*Langere v. Verizon Wireless Servs., LLC*,
983 F.3d 1115 (9th Cir. 2020) ....7

*Ligeri v. Amazon.com Inc.*,
2024 WL 3638241 (2d Cir. Feb. 13, 2025)....2

*Naum v. Brown*,
604 F. Supp. 1186 (E.D.N.Y. 1985) ....5

*Smith v. Spizzirri*,
601 U.S. 472 (2024)....4, 6

*Zagano v. Fordham Univ.*,
900 F.2d 12 (2d Cir. 1990)....7

**Federal Statutes**

9 U.S.C. § 3....4, 5, 7

28 U.S.C. § 1332....6

**Rules**

Fed. R. Civ. P. 41(a) ....................................................................................................................6, 7

Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Mexico Services, Inc., Amazon Payments, Inc., and Amazon Capital Services, Inc. (collectively, "**Amazon**")[1] hereby submit their opposition to the "Motion to Clarify Status Of Final Judgment, Request Final Judgment, and Close Case With Prejudice" filed by Plaintiff Benjamin Ligeri ("**Ligeri**"), which seeks to have the Court terminate the stay in this case pending arbitration and dismiss the action with prejudice because the Court "disclaimed jurisdiction over the subject matter" ("**Motion to Close**").[2]

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Connecticut Actions.

This filing represents yet another attempt by Ligeri to circumvent court orders and his legal obligations. Given the long and complex background of Ligeri's numerous cases filed against Amazon, Amazon only provides a summary of the most salient facts below.

In 2023, Ligeri and several of his businesses sued Amazon in the District of Connecticut, resulting in the current case captioned *Ligeri et al. v. Amazon.com Inc. et al.*, 23-cv00603-MPS. In this action, Ligeri asserted various claims against Amazon as a third party seller in the Amazon.com store. *See* Verified Complaint, Dkt. 1. After a two-day bench trial, this Court compelled Ligeri to arbitrate the majority of his claims against Amazon pursuant to the mandatory arbitration provision in the Amazon Services Business Solutions Agreement ("BSA"), to which all Amazon sellers agree as a condition of selling in the Amazon Store. *See*

---

[1] No entity named "Amazon, LLC" or "Amazon Business Payments, Inc." exists. Amazon.com Services LLC submits this opposition for Amazon Services, LLC, which does not exist.

[2] Ligeri filed the Motion to Close on September 3, 2025, by emailing it to the Clerk at ctd_clerk@ctd.uscourts.gov, one of Amazon's attorneys in this case, and his Ligeri's own counsel in this case. The Motion to Close was never entered on the docket, and Amazon's counsel was never served with the Motion. Nonetheless, Amazon is responding to the Motion to Close in the event the Court considers it properly filed and served, which Amazon does not concede. A copy of the Motion to Close Ligeri emailed to the Clerk is attached as Exhibit A.

Dkt. 79 at 1, August 2, 2024 Order Granting Motion to Compel Arbitration as to Most Claims and Dismissing Remaining Non-Arbitrable Claims that Are Subject to an Alternative Forum Selection Clause ("Motion to Compel Order"). The Motion to Compel Order further dismissed Ligeri's remaining claims pursuant to a forum selection clause in the BSA, which requires any claims seeking to enjoin infringement of intellectual property rights to be filed in the state or federal court in Seattle, Washington. *Id.* Ligeri then appealed the Motion to Compel Order *pro se*, and the Second Circuit dismissed his appeal. *See Ligeri v. Amazon.com Inc.*, 2024 WL 3638241 (2d Cir. Feb. 13, 2025). The Motion to Compel Order specifically stays all of Ligeri's claims except for his intellectual property claims seeking injunctive relief. Motion to Compel Order, 19-20. The Court has never lifted this stay.

Instead of respecting the Motion to Compel Order, Ligeri filed an action against Amazon in Connecticut state court on December 1, 2024, which Amazon removed to this Court and successfully consolidated with this action. *See Ligeri v. Amazon, Inc.*, 3:25-cv-00224-MPS, Dkt. 1-1 (the "Consolidated Action"). In the Consolidated Action, Ligeri asserted claims for (1) abuse of process, (2) tortious interference with business expectancies, and (3) unfair trade practices, arising out of his allegations that Amazon unfairly forced him to arbitrate his claims in this action, and retaliated against him by shutting down additional selling accounts uncovered during this Action. *Id.*

This Court granted Amazon's motion to compel Ligeri to arbitrate his claims against Amazon in the Consolidated Action. *See* Consolidated Action, May 16, 2024 Order, Dkt. 21 (finding "the claims in this action are all related to the BSA or Plaintiff's use of the Amazon Store and thus are covered by the BSA's arbitration clause. The Plaintiff is collaterally estopped from relitigating the arbitration issue in Judge Meyer's decision because it was already fully and

fairly litigated, actually decided, necessary to Judge Meyer's ruling, and identical to the issue to be decided here."); *see also* Dkt. 90, Notice of Consolidation.

**B. Ligeri Files Several More Actions Against Amazon in the Western District of Washington.**

Rather than respect *two* Court orders requiring him to arbitrate his claims, Ligeri filed three more actions against Amazon in the Western District of Washington, asserting various claims for relief, including RICO claims, various torts, intellectual property infringement, and equitable claims, all of which arise out of his conduct in the Amazon.com store. *See* Case Nos. 2:25-cv-00764-SKV, 2:25-cv-00796-TL, and 2:25-cv-00860-JNW (collectively, the "WDWA Actions"). Amazon successfully consolidated the WDWA Actions, and the court ordered Ligeri to arbitrate all of his claims except for his intellectual property claims seeking non-injunctive relief, which the court dismissed without prejudice. *See* 25-cv-00764-TL, Dkt. 25, July 30, 2025 Omnibus Order ("agree[ing] with Judge Meyer that Ligeri is bound by the arbitration clause in the BSA").

Ligeri then filed several motions seeking to overturn the Omnibus Order in the WDWA Actions, claiming that this Court's Motion to Compel Order is "void," because the Court "lacked jurisdiction." *See* 25-cv-00764-TL Emergency Motion to Vacate Consolidation Order, Dkt. 26, and Motion to Set Aside Consolidation Order, Dkt. 28. The court in the WDWA Actions denied each of these motions as meritless. *See* 25-cv-00764-TL, Dkts. 27 and 34.

**C. Ligeri Files the Motion to Close in this Action.**

Seeking to re-litigate the same issues again, Ligeri filed the Motion to Close on September 3, 2025, on behalf of himself, individually. In the Motion to Close, Ligeri requests that the Court: (1) "enter a final judgment confirming that all claims in this matter have been dismissed," and (2) enter an order finding "that this Court has already disclaimed jurisdiction

over the subject matter [of this Action].” Motion to Close, 1. Ligeri further requests the Court dismiss his claims “with prejudice,” as he argues that “this court is interfering with the court of competent jurisdiction.” *Id.* Ligeri has three arguments in support of his request: (1) this Court “lacks jurisdiction;” (2) the Court’s orders compelling arbitration and requiring Ligeri to file certain claims in Washington do “not constitute an enforceable ruling,” and are “non-binding observations about the contractual landscape, not acts of judicial authority” that “do not carry legal weight once jurisdiction is disclaimed;” and (3) “[t]he dismissed claims have been refiled in the U.S. District Court for the Western District of Washington,” and Amazon continues to “cite this docket to confuse and obstruct proceedings.” *Id.*, 1-2.

## II. ARGUMENT

### A. The Court is Required to Stay This Case Pending Arbitration.

The Motion to Compel Order stayed all of Ligeri’s claims except for his intellectual property claims seeking injunctive relief, which were dismissed pursuant to the forum selection clause. Motion to Compel Order, 19-20, *citing Smith v. Spizzirri*, 601 U.S. 472 (2024). As this Court recognized, Section 3 of the Federal Arbitration Act (“FAA”) requires a district court to stay an action once the court compels arbitration. *See Smith*, 601 U.S. at 476 (finding that the text of the FAA requires a court to stay the proceeding once the court compels arbitration).[3] Moreover, because of the mandatory language in the FAA, district courts do not have any discretion to dismiss an action when the parties have agreed to arbitration. *Id.* at 477; *see also Gov’t Emps. Ins. Co. v. Caring Pain Mgmt. PC*, 2025 WL 2017255, at *8 (D.N.J. July 18, 2025)

[3] *See* 9 U.S.C. § 3 (“If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.”).

("§ 3 of the FAA would appear to inhibit this Court's ability to dismiss the case at this juncture."). Therefore, the Court's order to stay this proceeding—instead of dismissing and closing this case—is appropriate.

**B. The Motion to Compel Order is Binding on Ligeri because both Personal Jurisdiction and Subject Matter Jurisdiction Existed.**

Ligeri mistakenly believes that this Court ruled it did not have jurisdiction over him, and thus the Motion to Compel Order is of no effect. When it issued the Motion to Compel Order, this Court had both personal jurisdiction over Ligeri and subject matter jurisdiction over this matter. The Motion to Compel Order instead found that Ligeri had filed his claims in the wrong forum.

Personal jurisdiction is the court's authority to bind a party consistent with due process. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310 (1945). This Court has personal jurisdiction over Ligeri, as he filed the Complaint in this action subjecting himself to the Court's jurisdiction. *Adam v. Saenger*, 303 U.S. 59, 67–68 (1938) ("The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes…."); *Naum v. Brown*, 604 F. Supp. 1186, 1188 (E.D.N.Y. 1985) ("a plaintiff consents to personal jurisdiction when he filed an action in this Court"). Moreover, Ligeri was a resident of Connecticut at the time he filed the Complaint in this Action and asserted that he did business in this state and that his claims arose out of that business, subjecting him to both general and specific jurisdiction. Dkt. 1, ¶¶ 1, 3; *Emiabata v. Farmers Ins. Corp. Ins. Co.*, 2019 WL 3716513, at *3 (D. Conn. Aug. 7, 2019). ("Domicile is determined as of the date the complaint is filed."). Nor did the Court find that it lacked personal jurisdiction over Amazon in its Motion to Compel Order. *See generally*, Dkt. 79.

There is no question this Court had subject matter jurisdiction over Ligeri's claims. Subject matter jurisdiction is the court's authority to hear a given type of case and is "distinct from whether a court chooses to exercise that jurisdiction." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 915 (2d Cir. 2022) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional power to adjudicate the case."). Because federal courts are courts of limited jurisdiction, for subject matter jurisdiction to exist in a particular case, the claims must be under federal law, or there must be diversity jurisdiction. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000). Here, Ligeri's Complaint asserts numerous federal law claims, which is sufficient for the Court to find that it had subject matter jurisdiction in this Action. In addition, Ligeri's Complaint asserts that diversity jurisdiction over the parties exists under 28 U.S.C. § 1332. Compl., ¶ 3. Thus, Ligeri's assertions that this Court does not have jurisdiction are simply false. Instead, the Court found that Ligeri had filed his claims in the wrong *forum* and that he was obligated by the BSA to file certain claims in arbitration and others in the state of Washington.

### C. If the Court Does Dismiss Ligeri's Claims, it Should Do So With Prejudice.

In *Smith v. Spizzirri*, the Supreme Court held that a district court may dismiss a claim even where it grants a motion to compel arbitration where "there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration." 601 U.S. at 476. Ligeri's Motion to Close cites no such grounds. Nevertheless, if the Court finds that dismissal is appropriate under Federal Rule of Civil Procedure 41(a), then it should dismiss Ligeri's claims with prejudice. *See* Fed. Rule Civ. Pro. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action

may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").[4]

Ligeri himself asks for dismissal with prejudice in his motion. Motion to Close, 2.[5] That by itself is sufficient for any dismissal to be entered with prejudice. Should the Court consider further whether dismissal without prejudice is warranted, Ligeri's vexatious filing of multiple cases asserting the same claims, repeated flouting of court orders, the risk of relitigating these same claims again, and the lack of any valid reason for dismissal, all support ordering dismissal with prejudice. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.").

## III. CONCLUSION

For the foregoing reasons, the Court should deny all of the improper relief Ligeri seeks in his Motion to Close. Should the Court find it appropriate to dismiss his claims in this Action, it should do so with prejudice to prevent him from improperly refiling them for a third time.

---

[4] Dismissal under Rule 41(a)(1) is inappropriate, because as discussed above, § 3 of the FAA prohibits Ligeri from dismissing this action without a court order.

[5] Should the Court permit Ligeri's to voluntarily dismiss claims with prejudice, he forfeits any right to appeal the decision in this case. *See Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1122 (9th Cir. 2020).

Dated: New York, New York
September 24, 2025

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ______________________________
John M. Magliery (ct29798)
Adam Sgro (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Ph: (212) 489-8230
johnmagliery@dwt.com
adamsgro@dwt.com

*Attorneys for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Mexico Services, Inc., Amazon Payments, Inc., and Amazon Capital Services, Inc.*