# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

OCT 2 2025 PM12:14
FILED-USDC-CT-HARTFORD

BENJAMIN JOSEPH LIGERI, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:23-cv-00603
AMAZON.COM, INC. ) **JURY TRIAL DEMANDED**
)
Defendants. )

## PLAINTIFF'S SUPPLEMENTAL MOTION TO CLARIFY LACK OF VENUE AUTHORITY TO COMPEL ARBITRATION

Section 4 of the FAA authorizes a federal court to compel arbitration only within the district where the agreement mandates it. The statute provides:

"...The court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement**.** The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed**.**" 9 U.S.C. § 4.

In this case, the BSA contains a mandatory forum selection clause

**requiring that all claims relating to the agreement—including those subject to arbitration—be brought exclusively in state or federal court in King County, Washington.**

Accordingly, only the Western District of Washington is the proper venue to compel arbitration under the FAA.

The Court's prior order compelling arbitration was issued from the District of Connecticut, despite the fact that the BSA limited all disputes—including questions of arbitrability—to the Seattle forum. By compelling arbitration outside of the contractually mandated venue, the Court exceeded the authority granted by both the FAA and the parties' agreement.

This is more than a question of subject matter jurisdiction, but of statutory and contractual venue. As the Supreme Court confirmed in *Volt Info. Sciences v. Bd. of Trustees*, 489 U.S. 468 (1989), and as clarified by later cases such as *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916 (9th Cir. 2013), courts must give effect to the parties' entire agreement, including venue clauses that govern arbitration logistics and authority.

Plaintiff has refiled relevant claims in the Western District of Washington and is prepared to demonstrate, in an evidentiary hearing, that the arbitration clause is unconscionable, inapplicable under 6 US Supreme Court doctrines, improperly being applied to claims that exist outside the Amazon metaverse due to Davis Wright Tremaine's consistent fabrication of evidence, and incompatible with federal public policy.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. Clarify that the District of Connecticut lacked venue authority under FAA § 4 and the BSA to compel arbitration;
2. Declare the prior arbitration order unenforceable or ultra vires to the extent it conflicts with the BSA's forum selection clause;
3. Defer all questions of arbitrability, enforceability, and further proceedings to the U.S. District Court for the Western District of Washington;
4. Alternatively, vacate the order compelling arbitration and formally close the case for administrative purposes, in recognition of improper venue.

Respectfully submitted,

**/s/ Benjamin J. Ligeri**
Benjamin J. Ligeri

3120 Corey Rd
Malabar, FL 32950
benligeri@gmail.com
(321) 831-2595

/s/ Benjamin J Ligeri

Benjamin J. Ligeri
3120 Corey Rd
Malabar, FL 32950
benligeri@gmail.com
(321) 831-2595

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, I filed the foregoing Motion by emailing it to counsel for the Defendants and to the US District Court for the District of Connecticut at the email ctd_clerk@ctd.uscourts.gov.

/s/ Benjamin J. Ligeri